# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-381-RJC-DCK

| | |
|---|---|
| TONYA FEIMSTER, | ) |
|         Plaintiff, | ) |
| v. | )    MEMORANDUM AND |
| | )    RECOMMENDATION |
| UNIVERSAL HEALTH SERVICES, INC., | ) |
| and KEYSTONE CHARLOTTE, LLC d/b/a | ) |
| THE KEYS OF CAROLINA, | ) |
|         Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Plaintiff Tonya Feimster ("Plaintiff" or "Feimster"), appearing *pro se*, filed a "Complaint" (Document No. 1) on July 10, 2014. Plaintiff's Complaint asserts claims for employment discrimination based on her gender and age against Defendants Universal Health Services, Inc. ("UHS") and Keystone Charlotte, LLC ("Keystone") d/b/a The Keys of Carolina ("the Keys"). (Document No. 1). It appears that UHS received copies of the "Summons In A Civil Action" (Document No. 1-1) and the "Complaint" (Document No. 1) on or about September 15, 2014.

Defendant UHS filed its pending "Motion To Dismiss" (Document No. 8) and "Memorandum Of Law In Support Of Defendant's Motion To Dismiss" (Document No. 9) on October 6, 2014. UHS seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The Court issued a "Roseboro Notice" (Document No. 10) on October 7, 2014, informing *pro se* Plaintiff of her right to respond to the pending motion. Plaintiff timely filed her "Response to Defense Motion to dismiss" (Document No. 13) on October 23, 2014. A "Reply To Plaintiff's Response To Defendant's Motion To Dismiss" (Document No. 14) was then filed on October 30, 2014.

This matter is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

The pending "Motion To Dismiss" asserts that: (1) Defendant UHS was not Plaintiff's employer, and therefore, the Court has no subject matter jurisdiction over UHS; and (2) Plaintiff has failed to plead sufficient facts to support her claims. (Document No. 8, p.1). Defendant UHS' "Memorandum…" goes on to accurately note that the Complaint "contains absolutely no factual allegations to support her claims." (Document No. 9, pp.2).

To her credit, Plaintiff filed a timely "Response…" which does include factual allegations. (Document No. 13). However, even these factual allegations provide little, if any, support for claims that Plaintiff was terminated based on her gender and/or age. Id. In fact, Plaintiff's factual statement suggests that other employees were also terminated based on the same or similar underlying events, and those terminated employees included at least one male. (Document No. 13, pp.3-5). Moreover, Plaintiff suggests that the employees that were "targeted" and/or terminated all worked on Plaintiff's unit. Id. More importantly, as Defendant UHS notes, the "Complaint" itself lacks *any* factual allegations to support Plaintiff's claims. See (Document No 1, p.4) ("Supporting Facts" section of Complaint left completely blank).

Defendant's "Reply…" re-asserts that Plaintiff has not satisfied the basic pleading requirements and observes that Plaintiff has not sought to amend her complaint. (Document No. 14). Defendant further contends that Plaintiff admits that she was terminated because she was recorded on a surveillance video for sleeping on the job, and that Plaintiff admits that the applicable policy provides that sleeping on the job would be grounds for immediate termination. (Document No. 14, p.3) (citing Document No. 14, p.4).

In short, the undersigned finds UHS' arguments and authority persuasive. (Document Nos. 8, 9, and 14). Moreover, despite obvious deficiencies in the "Complaint" (Document No.

1), Plaintiff has made no efforts to amend her pleading. Even viewing the facts alleged in her "Response…" in the most favorable light, it appears unlikely that Plaintiff can state a plausible claim for employment discrimination.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss" (Document No. 8) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 20, 2015

David C. Keesler
United States Magistrate Judge