# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-381-RJC-DCK

| TONYA FEIMSTER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| UNIVERSAL HEALTH SERVICES, INC., | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 8), and supporting brief, (Doc. No. 9); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 16); the Plaintiff's Objection to the M&R, (Doc. No. 17); and the Defendant's Reply to Plaintiff's Objection, (Doc. No. 18).

In the M&R, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted. Plaintiff filed an Objection to the M&R of the Magistrate Judge on March 9, 2015, and Defendant filed a Reply to Plaintiff's Objection on March 26, 2015. It is ripe for review.

## I. BACKGROUND

Plaintiff Tonya Feimster ("Plaintiff" or "Feimster"), appearing *pro se*, filed a Complaint, (Doc. No. 1), on July 10, 2014. Plaintiff's Complaint asserts claims for employment discrimination based on her gender and age against Defendants Universal Health Services, Inc. ("UHS") and Keystone Charlotte, LLC ("Keystone") d/b/a The Keys of Carolina ("the Keys"). (Doc. No. 1). It appears that UHS received copies of the Summons in a Civil Action and the Complaint on or about September 15, 2014. (Id.)

Defendant UHS filed its pending Motion to Dismiss, (Doc. No. 8), and Memorandum of Law In Support Of Defendant's Motion to Dismiss, (Doc. No. 9), on October 6, 2014. UHS seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The Court issued a "Roseboro Notice," (Doc. No. 10), on October 7, 2014, informing *pro se* Plaintiff of her right to respond to the pending motion. Plaintiff timely filed her "Response to Defense Motion to Dismiss," (Doc. No. 13), on October 23, 2014. A Reply to Plaintiff's Response to Defendant's Motion to Dismiss, (Doc. No. 14), was then filed on October 30, 2014.

Even considering the facts as alleged, the Magistrate Judge found it unlikely that the Plaintiff could state a plausible claim for employment discrimination. (Doc. No. 16 at 4-5). The Magistrate Judge recommended that this Court grant the Defendant's Motion to Dismiss. (Id.)

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

Plaintiff objects to the entirety of the Magistrate Judge's M&R. In particular, Plaintiff

objects to the following findings of fact and law made in support of the Recommendation: (a) the conclusion that Defendant UHS was not an employer of Plaintiff, and therefore that the Court does not have subject matter jurisdiction over UHS; (b) the conclusion that Plaintiff failed to plead sufficient facts to support her claims; (c) the alleged finding that Plaintiff admitted to sleeping at work; and (d) the failure to find that Defendant has a burden to prove it did not discriminate against Plaintiff.

    A.  <u>Subject Matter Jurisdiction</u>

Plaintiff objects to the conclusion that UHS was not her employer, and therefore that the Court does not have subject matter jurisdiction over UHS. The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." <u>Chris v. Tenet</u>, 221 F.3d 648, 655 (4th Cir. 2000) (citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 1193 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 389 (1998) (internal citations omitted).

Here, the issue of whether UHS was Plaintiff's employer does not change the Court's analysis of subject matter jurisdiction. UHS asserts in their Motion to Dismiss, (Doc. Nos. 8, 9), that Plaintiff's claims against UHS should be dismissed pursuant to Rule 12(b)(1) because UHS

was not her employer. However, the factual dispute of whether UHS was Plaintiff's employer should be evaluated under Rule 12(b)(6) and not under Rule 12(b)(1). Here, Plaintiff has brought a Title VII claim against Defendant for employment discrimination, which constitutes a federal question. Therefore, this Court has federal-question jurisdiction and thus subject matter jurisdiction to hear this case.

B. Factual Support

Plaintiff objects several times to the Magistrate Judge's recommendation to grant Defendant's 12(b)(6) motion to dismiss, which was predicated on Plaintiff's failure to provide factual support for her claim of employment discrimination. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to establish a *prima facie* case, or one that provides "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 697 (2009).

The primary issue with the facts provided by Plaintiff, as identified by the Magistrate Judge's M&R and the Defendant's several filings, is that Plaintiff's Complaint lacks any factual allegations in support of her claims. (See Doc. No. 1; Doc. No. 16 at 4; Doc. No. 9 at 2). Here, Plaintiff's Complaint fails to establish a *prima facie* case because it does not include a single factual allegation in support of her claims. While courts often construe pleadings filed by *pro se* litigants more liberally than those filed by represented parties, the "plaintiff must still allege facts sufficient to state all of the elements of the claim…conclusory statements with insufficient factual support…will simply not suffice." Pharr v. DesignLine USA, LLC, No. 3:11-CV-162-DSC, 2012 WL 995341, at *4 (W.D.N.C. March 22, 2012) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761,765).

Although Plaintiff made factual allegations in her Response to Defendant's Motion to Dismiss and her Objection to the Magistrate's M&R, she never moved to amend her original Complaint, therefore this Court cannot consider these facts when deciding on the Defendant's Motion to Dismiss. See, e.g., Materson v. Stokes, 166 F.R.D. 368, 372 (E.D.V.A. 1996) (stating that the Court can only rely on allegations in the complaint and attached documents, and declining to consider factual allegations included only in Plaintiff's later responsive pleadings). The remaining Complaint is comprised only of conclusory statements lacking factual support, and is therefore subject to Defendant's proper Motion to Dismiss under Rule 12(b)(6).

C.  Admission

Plaintiff also objects to the statement in the Recommendation that she admitted to sleeping while at work. (Doc. No. 17 at 3). However, based upon the evidentiary record, the Plaintiff explicitly admitted in her response that she was terminated because she was recorded on a surveillance video sleeping on the job. (See Doc. No. 13 at 4). Therefore, the Magistrate Judge did not err in analyzing the fact that Plaintiff admitted to sleeping while at work.

D.  Burden of Proof

Plaintiff objects to the Magistrate Judge's failure to find that UHS has a burden to prove it did not discriminate against Plaintiff. (Doc. No. 17 at 5). The plaintiff has the initial burden of proof when making a claim under Title VII, and only after she has established a *prima facie* case of discrimination does the burden shift to the employer to articulate a legitimate, nondiscriminatory reason for termination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Here, because Plaintiff failed to establish a *prima facie* case of discrimination, as discussed above, the burden of proof did not shift to Defendant, and therefore Plaintiff's objection is erroneous.

## IV. CONCLUSION

Therefore, this Court **adopts** the findings of fact and conclusions of law specified in the Magistrate Judge's M&R.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, under 12(b)(6), (Doc. No. 8), is **GRANTED.**

2. The Clerk of Court is directed to close this case.

Signed: June 24, 2015

Robert J. Conrad, Jr.
United States District Judge

---

[1] The M&R does not specifically address whether Defendant's Motion to Dismiss should be granted under 12(b)(1) or 12(b)(6). This Court finds that it has subject matter jurisdiction to hear this matter and specifically adopts the finding that Defendant's Motion to Dismiss should be granted based upon 12(b)(6).